UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60987-MC-RUIZ/STRAUSS

SUSAN JOHNSON and STEVEN JOHNSON,

    Plaintiffs,

v.

FRANCISCO M. JIMENEZ,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EXPEDITED MOTION FOR RETURN OF LEVIED PERSONAL PROPERTY SUBJECT TO EXEMPTION FROM THE WRIT OF EXECUTION (DE 20) AND INCORPORATED MEMORANDUM OF LAW ("MOTION FOR RECONSIDERATION") (DE 22)

**THIS CAUSE** is before me upon Plaintiffs' Motion for Reconsideration filed on August 5, 2021. (DE 22). This case was referred to me by the District Court on August 16, 2021 pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 30). Defendant filed a response ("Response") (DE 27), and Plaintiff filed a reply ("Reply) (DE 31). Therefore, the Motion for Reconsideration is ripe for review. Being otherwise duly advised, the Motion for Reconsideration is **GRANTED IN PART AND DENIED IN PART** as discussed below.

On May 11, 2021, Plaintiffs registered judgments against the Defendant in the amounts as follows: $360,526.00 in favor of Plaintiff Susan Johnson and $759,067.14 in favor of Plaintiff Steven Johnson. (DE 1). Plaintiffs then moved for the Clerk of Court to issue a writ of execution pursuant to Fed. R. Civ. P. 69(a). (DE 3). The Writ of Execution issued on May 28, 2021 ("Writ").

(DE 4). On June 18, 2021, Defendant filed an expedited motion for return of personal property that was levied on June 17, 2021 pursuant to the Writ of Execution ("Expedited Motion"). (DE 7). The Expedited Motion averred that Defendant rents a furnished room under an unwritten tenancy at will and pays $200 bi-weekly for rent. *Id.* at ¶6. The Expedited Motion also averred that the homeowners allowed the U.S. Marshals to enter Defendant's room in order to avoid a search of their entire house. *Id.* at ¶¶4-6. Defendant alleged that the U.S. Marshals provided a "very cursory, handwritten, incomplete, unsigned list of all personal property they allegedly removed from the Defendant's room." *Id.* at ¶9. The Expedited Motion included the following handwritten list of items, which Defendant attested was all of his personal property located within the State of Florida:



(DE 7-1; 7-2).

On June 28, 2021, I held a preliminary hearing on the Motion ("Hearing") for the purpose of determining: (1) the valuation of some or all of the items seized; (2) Defendant's entitlement to return of personal documents or other items allegedly seized; (3) who should act as custodian for the seized items; and (4) whether an evidentiary hearing will be required. (DE 14). At the Hearing, Plaintiffs disputed that Defendant's affidavit (DE 7-2) attaching the handwritten list of items seized (DE 7-1) was complete. Defendant acknowledged leaving off cigars in his inventory and asserts that "[h]e forgot to do so because he considers the cigars to be worthless garbage." (DE 13 at 10-11). Other than the cigars, Defendant maintained that his inventory was correct. (DE 14). When Plaintiffs challenged the inventory list for omitting ownership of a vehicle, Defendant stated that the vehicle was leased. (DE 14; DE 27 at ¶1). Because Plaintiffs could point to no authority supporting that they are entitled to "discovery" as to the correctness of Defendant's inventory list, the Court proceeded to address disputes as to the value of the assets on Defendant's inventory list for purposes of exemption. (DE 14).

Following the Hearing, I ordered the parties to submit a joint status report ("JSR") and provided Defendant an opportunity to amend his inventory listing by July 1, 2021. (DE 15). On July 1, 2021, Defendant filed an affidavit and amended inventory listing. (DE 18). The inventory listing was typed, included Defendant's valuations and identified Defendant's claims for exemption. (DE 18 at 3-6). Specifically, the inventory listing included the following items and groups of items:

| Item | Total Value | Exempt |
|---|---|---|
| 10,000 shares Epoca Group International Ventures, Inc. | $ 0.01 | Y |
| 6 Watches seized by U.S. Marshal | $ 1,325.00 | Y |
| Stack of Mail Containing Checks | $ 0.50 | Y |
| $200 in Cash | $203.00 | Y |
| 4 iPhones | $ 40.00 | Y |
| Hawei Tablet | $ 2.00 | Y |
| Life Insurance Policy and notes | $ 0.01 | Y |

| | | |
|---|---:|:---:|
| ChromeBook Laptop | $100.00 | Y |
| iPad and Case | $100.00 | Y |
| AES Speaker | $ 5.00 | N |
| Samsung Monitor | $ 50.00 | N |
| Tantra Lighter | $ 4.00 | N |
| Two Sets of Linens, One Comforter and Two Pillows | $ 3.00 | N |
| Six Large Bowls for Fruit, Vegetables, One Fork, One Knife, One Spoon, One Coffee Cup, One Glass | $ 6.00 | N |
| Apple Computer with 26" Monitor | $100.00 | Y |
| Sony 17" Monitor | $ 1.00 | N |
| About 40" Phillips Television | $ 30.00 | N |
| HP Printer, HP2610 | $ 1.00 | N |
| Floor Fan, Lasko | $ 2.00 | N |
| Blood Pressure Monitor | $ 3.00 | N |
| Samsung A70 Cell Phone | $ 5.00 | Y |
| 10 pairs of pants, 6 pair of shoes, two pair of sneakers, 3 suits, 10 ties, 10 T-shirts, 5 short pants, 2 belts, 4 Polo Shirts | $ 65.00 | N |
| College Ring, 10K | $ 150.00 | Y |
| Wedding Ring, 14K | $ 240.00 | Y |
| Collection of Stale Cigars | $ 0.10 | N |
| Two Torch Cigar Lighters | $ 7.00 | N |
| Zikar Cigar Cutter | $ 40.00 | N |
| Opened Bottle of Glenlivet Scotch | $ 0.01 | N |
| Chase Bank Checking Account | $ 10.00 | Y |
| Guitar | $ 50.00 | Y |
| Jar of Coins | $ 120.00 | Y |
| Havana Hat | $ 1.00 | Y |
| 2 Bibles | $ 10.00 | Y |
| **TOTAL AMOUNT EXEMPTED:** | | $ 2,456.52 |
| **TOTAL OF ALL ASSETS:** | $ 2,673.63[1] | |

("Personal Property"). *Id.* On July 13, 2021, the parties filed a JSR indicating, *inter alia*, that Plaintiffs "d[id] not dispute the value proposed by the Defendant for every item [listed] except for the 10,000 shares of Epoca Group International Ventures, Inc. (the 'Epoca Stock')." As to the Epoca Stock, Plaintiffs disagreed with Defendant's valuation of $0.01. (DE 19). On July 15, 2021, I issued an order granting in part and denying in part Defendant's Expedited Motion ("Order on

---

[1] Defendant's calculation understated the total by $ 0.01. (DE 18).

Expedited Motion"). (DE 20). Pursuant to the JSR, I ordered that, except for the Epoca Stock, Plaintiff's counsel shall release within 30 days Defendant's personal property listed on the amended affidavit and inventory list that was filed on July 1, 2021. *Id.* Because the parties disputed the value of the Epoca Stock, I ordered the parties to file a joint status report on or before August 16, 2021 to apprise the Court as to the status of a resolution regarding disposition of the Epoca Stock, including a description of the efforts undertaken to resolve the dispute as to the Epoca Stock's value.[2] *Id.*

In the meantime, there have been additional motions. On July 30, 2021, Defendant filed a motion to dismiss for lack of subject matter jurisdiction or alternatively, for dismissal pursuant to 28 U.S.C. § 1367(c), which motion becomes ripe on August 19, 2021. (DE 21; DE 25). On August 11, 2021, Plaintiffs filed a motion to compel a forensic examination of computers and cellphones that were seized on June 17, 2021 for which a response is due on August 25, 2021 ("Motion for Forensic Exam").[3] (DE 24). The Motion for Forensic Exam is grounded upon allegations that Defendant is not complying with post-judgment discovery obligations. *Id.*

Plaintiffs' Motion for Reconsideration seeks, *inter alia*, relief from the obligation to turn over any personal property of Defendant, until the Court determines otherwise, on the basis that

---

[2] On August 13, 2021, I stayed the Order on Expedited Motion (DE 20) through August 20, 2021 and confirmed that the parties' JSR regarding the Epoca Stock was due on August 16, 2021. (DE 28). On August 16, 2021, the parties filed a JSR indicating that no resolution had been reached. (DE 29). The JSR failed to address what substantive efforts, if any, the parties had made to resolve the dispute regarding the Epoca Stock valuation as they were **ordered** to report in this status report. (DE 20 at 3). Indeed, the JSR reported a "break-off" of the parties' dealings indicating that the parties need to improve their ability to communicate and confer in good faith to resolve disputes without court intervention. *Id.*

[3] The Motion for Forensic Exam seeks "a forensic examination of [Defendant's] two computers and four cellphones that are currently being held pursuant to the Court's Order [D.E. 20], as well as the cell phone left behind with [Defendant] after the levy." (DE 24 at 8).

Defendant allegedly filed two fraudulent inventory lists depriving Plaintiffs of their ability to fully evaluate Defendant's personal property and claimed exemptions. (DE 22 at 13). In particular, Plaintiffs allege that Defendant omitted listing his ownership of his personal vehicle, by wrongfully maintaining that the vehicle was leased. *Id.* at 1-6. Defendant responded on August 13, 2021 and contends that the omission was not willful and was a misstatement during the Hearing based upon a mistaken belief that the vehicle was leased. (DE 27 at ¶¶1, 3, 18-19). Defendant also avers that the vehicle is underwater because more is owed on the vehicle than it is worth; however, Defendant's counsel has yet to confirm the payoff with the lender. *Id.* at ¶¶2,4.

Plaintiffs' position in their Reply[4] is that each prior inventory listing omitted material assets, that Defendant intentionally omitted the vehicle in the second inventory listing, and that the Court should grant the relief sought in their Motion for Reconsideration. (DE 31 at 1, 8). In their motion, Plaintiffs suggest that a revised order could impose sanctions, including attorney's fees for all work since the filing of Defendant's first affidavit and inventory list and a ruling that Defendant has forfeited his exemptions. (DE 22 at 13). Further, Plaintiffs suggest that return of Defendant's personal property should be held in abeyance while they obtain discovery from

---

[4] For the first time in the Reply, Plaintiffs cite authority for the proposition that Defendant waived his right to exemptions based on his misconduct in not providing an error-free inventory listing within the timeframe provided for by statute. (DE 31 at 8) (citing *Johns v. May*, 402 So.2d 1166 (Fla. 1981)); *see also* Fla. Stat. § 222.061 providing, *inter alia*, that "[w]hen a levy is made . . . the debtor may claim such personal property to be exempt from sale by making, within 15 days after the date of the levy, an inventory of his or her personal property." However, "the *Johns* Court never discusses *waiver* of the exemption right, finding only that the debtor could not untimely interpose a claim of exemption to prevent a properly scheduled sheriff's sale." *In re Mootosammy*, 387 B.R. 291, 299 (Bankr. M.D. Fla. 2008) (emphasis in original). Furthermore, "[a] reply memorandum may not raise new arguments or evidence." *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014). Indeed, Local Rule 7.1(c) states that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c). For all of the aforementioned reasons, Plaintiffs' argument that Defendant's exemptions should be deemed forfeited or otherwise denied fails.

Defendant.[5] *Id.* at 14. In addition, Plaintiffs suggest that the Court could "[o]rder the parties to 'start over' with the Defendant directed to file a *third* inventory list required to be true and correct," while also expressing doubt "about the ability of the Defendant to be truthful regarding his personal assets." *Id.* (emphasis in original).

A motion to reconsider may be justified by "[(1)] an intervening change in controlling law[; (2)] the availability of new evidence[; or (3)] the need to correct clear error or prevent manifest injustice." *Ifergane v. Fratellini*, No. 19-21123-CIV, 2020 WL 554815, at *1 (S.D. Fla. Feb. 4, 2020). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citing *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted." *Id.*

Here, despite Plaintiffs' contention that all three (3) factors are present to justify reconsideration, none of the factors are present. *See* DE 22 (stating that "all of the [three aforementioned] factors weigh heavily in favor of reconsideration"). Clearly, there is no intervening law at issue, and Plaintiffs cite to none. Furthermore, Plaintiffs fail to persuade that the "newly discovered evidence" upon which Plaintiffs rely for their motion – the ownership of the vehicle – changes anything or prejudices them in any way. In particular, Plaintiffs fail to

---

[5] Plaintiffs report that, pursuant to a request for production, Defendant is to produce documents on August 20, 2021 and to sit for a deposition on September 2, 2021. (DE 22 at 14; DE 29). Plaintiffs also suggest that the parties could file a JSR following Defendant's deposition to advise the Court regarding "this process," which the Court construes to mean that Plaintiffs will report on their progress with respect to discovery. (DE 22 at 14). I do not find that requiring such a JSR is warranted. Plaintiffs should file a proper motion for relief in the event that they are unjustifiably precluded from obtaining their requested discovery.

articulate how inclusion of the vehicle in Plaintiff's amended inventory list "could have sent this litigation in an entirely different direction" (DE 22 at 11) or would have affected the Court's order that Plaintiffs return the remaining property (i.e. Defendant's personal property on the amended inventory other than the Epoca stock and the vehicle) over which Defendant has claimed exemption. Moreover, information about the vehicle's ownership was available prior to the Court's Hearing and is not newly available evidence. In fact, while not excusing the Defendant from an obligation to be forthright and careful in complying with statutory requirements for claiming personal exemptions, the Court views much of the dispute regarding the completeness of Defendant's inventory listing to have been resolvable through better communication between the parties' counsel. Therefore, I decline to impose sanctions or award attorney's fees to either party at this juncture.[6]

Leaving aside whether the omission of the vehicle from Defendant's inventory could plausibly have been a mistake, the inventory list has been corrected to add the vehicle, albeit by Defendant filing a third affidavit and inventory list on August 13, 2021.[7] (DE 26). However,

---

[6] Counsel is cautioned that their conduct going forward should demonstrate both an ability to strictly comply with the Court's orders and an improved ability to communicate and confer in a professional manner to resolve disputes. *See* DE 20 (requiring a JSR to provide specific reporting about efforts to resolve the Epoca Stock valuation dispute) and DE 29 (the responsive JSR, which fails to report any such efforts); *see also* DE 22 at 7 (stating that Plaintiffs transmitted *by email* to Defendant on July 13, 2021 a proposed global settlement and stipulation, which was rejected *by email* on July 27, 2021).

[7] The revised inventory listing that was filed on August 13, 2021 adds a 2017 Hyundai Elentra (sic) SE with 87,924 miles, with a Kelly BB High Value of $9,781.00 and with a loan balance due of $17,320.60, which is stated to be 134+ days past due. Thus, the revised listing values the vehicle at zero. (DE 26 at 7). Even though the loan balance is explicitly shown as a precise amount on the August 13, 2021 revised inventory listing, Defendant's counsel states in the Response that "[t]he only document of absolute proof that is missing is the payoff from the lender, but the lender refuses to provide the information because of Defendant's prior bankruptcy." (DE 27 at ¶4.) Therefore, Defendant's counsel sent a statutory letter to the lender on August 13, 2021 (DE 27-1), who has 14 days from receipt of the letter to respond. (DE 27 at ¶4). Accordingly, the reported

because Defendant has yet to conclusively establish that the vehicle's value (or lack thereof) is accurately stated on the revised inventory listing due to an inability to date to obtain a payoff letter from the lender, the Court cannot fully evaluate the effect of its late inclusion nor the propriety Defendant claiming an exemption over it. Therefore, the Court will modify its prior order to require submission of complete information regarding the amount of debt owed on the vehicle. Also, given the pending Motion for Forensic Examination and attendant allegations regarding the Defendant's lack of responsiveness to post-judgment discovery, the Court will also stay the return of the personal property that is the subject of that motion pending its resolution. Otherwise, there is no need to reconsider the Order on Expedition Motion (DE 20) for purposes of correcting clear error or preventing manifest injustice. *Ifergane*, 2020 WL 554815 at *1.

Accordingly, for the above reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Reconsideration (DE 22) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The motion is **GRANTED** as to staying the return of Personal Property consisting of two computers and five cellphones that are the subject of the Motion for Forensic Exam (DE 24) pending that motion's resolution. Counsel for the parties are **ORDERED** to confer and file **by August 25, 2021** a joint notice more specifically identifying which electronic devices are at issue in Plaintiffs' Motion for Forensic Exam (DE 24) and indicate how those devices

---

inability to acquire a payoff from the lender begs the question about the accuracy of the loan balance reported on the revised inventory listing of August 13, 2021.

are identified on Defendant's August 13, 2021 revised inventory listing (DE 26) (the "Electronics Subject to Motion for Forensic Exam");

b. Furthermore, the Motion for Reconsideration is **GRANTED** to the extent that it seeks the Court to direct Defendant to file a complete and correct amended inventory list; Defendant is **ORDERED** to follow through with efforts to obtain the payoff of the loan on the vehicle listed in the August 13, 2021 revised inventory list and to file proof of the payoff amount **no later than September 10, 2021**; Defendant is additionally **ORDERED** to again amend the inventory list **by September 10, 2021** to correct the payoff information and vehicle valuation, if necessary, that is reported on the August 13, 2021 revised inventory list;

c. The Motion for Reconsideration is **DENIED** with respect to further staying release of Defendant's Personal Property, other than the Electronics Subject to Motion for Forensic Exam and Epoca Stock; Plaintiffs' Counsel shall return to Defendant's counsel **no later than August 23, 2021** the Personal Property being held other than the Epoca Stock and the Electronics Subject to Motion for Forensic Exam;

d. Furthermore, the Motion for Reconsideration is **DENIED** to the extent that it seeks sanctions or other relief that is not specifically granted by this Order.

2. As to the Epoca Stock, the parties and the parties' counsel are **ORDERED** to confer by actually speaking to one another for at least one hour **on or before August 27, 2021** regarding **settlement of the dispute as to the valuation of the Epoca Stock** and to file a notice of compliance promptly thereafter. Defendant may renew a

motion for return of the Epoca Stock, if necessary, following the outcome of settlement negotiations; and

3. If the parties come to a resolution regarding the Epoca Stock without the need for Court intervention, then they shall promptly file a notice so indicating.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of August 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF