UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60987-MC-RUIZ/STRAUSS

SUSAN JOHNSON and STEVEN JOHNSON,

    Plaintiffs,

v.

FRANCISCO M. JIMENEZ,

    Defendant.
_____/

## ORDER DENYING MOTION TO COMPEL FORENSIC EXAMINATION (DE 24)

**THIS CAUSE** is before me upon Plaintiffs/Judgment Creditors' Motion to Compel Forensic Examination of Computers and Cellphones of Defendant/Judgment Debtor Francisco Jimenez and Incorporated Memorandum of Law ("Motion for Forensic Examination"). (DE 24). This case has been referred to me by the District Court for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. ("Referral"). (DE 30). Defendant has filed a response (DE 35), and Plaintiffs have replied (DE 39). Therefore, the Motion for Forensic Examination is ripe for review. I have reviewed the motion, the response and the reply and am otherwise duly advised. For the reasons stated herein, the motion is **DENIED**.

On May 11, 2021, Plaintiffs registered judgments against the Defendant in the amounts of $360,526.00 (in favor of Plaintiff Susan Johnson) and $759,067.14 (in favor of Plaintiff Steven Johnson). Plaintiffs then moved for the Clerk of Court to issue a writ of execution pursuant to Fed. R. Civ. P. 69(a). (DE 3). The Writ of Execution issued on May 28, 2021 ("Writ"). (DE 4). Defendant filed an expedited motion for return of exempted property on June 18, 2021 noting that

the Writ was executed on June 17, 2021. (DE 7).[1] Following a hearing that was held on June 28, 2021 (DE 37), the Court granted in part and denied in part the expedited motion for return of property ("Property Return Order"). (DE 20). Specifically, on July 15, 2021, the Court ordered that "Plaintiff's counsel shall release [the levied personal property], other than the Epoca Stock, to Defendant's counsel within 30 days [(by August 14, 2021)]." (DE 20 at 3). On August 5, 2021, Plaintiffs filed a motion for reconsideration of the Property Return Order. (DE 22). On August 13, 2021, the Court stayed the Property Return Order through August 20, 2021. (DE 28). The Court then granted in part and denied in part the motion for reconsideration on August 19, 2021 ("Order Granting in Part Reconsideration"). (DE 32). Specifically, the Order Granting in Part Reconsideration, found that much of the dispute addressed in that motion could have been resolved through better communication between the parties' counsel and declined to award attorneys' fees to either party for that reason.[2] (DE 32 at 8). Furthermore, the Order required submission of complete information regarding the amount of debt owed on Defendant's vehicle (DE 32 at 9), which Defendant's counsel was in the process of obtaining and then provided on August 25, 2021 (DE 36). In addition, the Court recognized that the instant Motion for Forensic Examination, filed on August 11, 2021, was pending and recognized that the motion alleged that Defendant was not

---

[1] Also, on June 18, 2021, Defendant filed a motion for return of property (DE 5), which the Court denied as moot (DE 9).

[2] Similarly, here, the dispute would have benefited from better communication between the parties' counsel. Therefore, the Court declines to consider an award of attorney's fees for either party. Furthermore, I do not find it necessary to address the accusations suggesting bad faith that each side alleges against the other. I observe that those allegations, on both sides, would be more readily put to rest if the parties' counsel made greater efforts to confer about the circumstances giving rise to their suspicions.

complying with post-judgment discovery obligations.[3] (DE 32 at 9). Therefore, the Court ordered Plaintiff's Counsel to return to Defendant's Counsel by August 23, 2021 the personal property of Defendant, other than the Epoca Stock and the Electronics Subject to Motion for Forensic Exam.[4] (DE 32 at 10).

In the Motion for Forensic Examination, Plaintiffs seek an order from the Court compelling a forensic examination of the subject electronics in accordance with the guidelines set forth in *Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 520–22 (S.D. Fla. 2009). (DE 24 at 9-10). As grounds for their requested relief, Plaintiffs allege, in part, that Defendant failed to provide documents that he admitted exist in a deposition taken pursuant to bankruptcy court post-judgment proceedings,[5] which occurred prior to the instant proceedings ("Epoca Records"). *Id.* at ¶¶4-10. Plaintiffs attach a Notice of Taking 7030 Examination Duces Tecum[6] that Plaintiffs' counsel certified was served on April 2, 2021, which noticed a virtual deposition of Defendant as the Corporate Representative of Epoca Group International Ventures, Inc. ("Epoca") to occur on April 19, 2021 ("Bankruptcy Subpoena"). (DE 24-1 at 1-4). Plaintiffs also attach a transcript of the subject deposition ("April 19 Deposition"). *Id.* at 5-41. Following the April 19 Deposition, on April 21, 2021, the Bankruptcy Court found that it "lack[ed] subject matter jurisdiction over the judgment creditors' state law post-judgment fraudulent transfer claims and .

---

[3] The Court is also aware of the pending Motion to Dismiss (DE 21), which it will separately address.

[4] On August 24, 2021, the parties filed a joint notice identifying the electronic devices at issue. (DE 34).

[5] On March 1, 2019, the Bankruptcy Court "entered a Final Judgment in the adversary proceeding . . . determining that [Plaintiffs'] claims against [Defendant] were non-dischargeable." *In re Jimenez*, 627 B.R. 536, 539 (Bankr. S.D. Fla. 2021).

[6] Bankruptcy Rule 7030 governs depositions of corporate representatives. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1301 (11th Cir. 2006).

. . dismiss[ed] th[e] adversary proceeding" noting that "[Plaintiffs] of course have the right to pursue enforcement of their Final Summary Judgment in any other forum of appropriate jurisdiction." *In re Jimenez*, 627 B.R. at 545.

Defendant's counsel, who did not represent Defendant in the bankruptcy proceedings, suggests that it is reasonable to assume that once the bankruptcy court dismissed the post-judgment proceedings, that Defendant understood that subpoenas issued in those proceedings were null and void; therefore, Defendant ceased efforts to locate the documents. (DE 35 at ¶¶3-5). Defendant also argues that the Plaintiffs should have followed a proper procedural course and made a request for production in the instant action in order to give Defendant a proper opportunity to respond. *Id.* at ¶¶6-7. Furthermore, Defendant avers that, had he received a proper request for production, he "would have responded, in part, that he was unable to fulfill the Plaintiffs' request because much, if not all, of the requested documents are in digital form residing with the computers seized by the Marshal pursuant to the Plaintiffs' levy request in aid of execution." *Id.* at ¶7. I agree that Plaintiffs are properly required to make their request for production of the Epoca Records in this action. I further conclude that, in light of Plaintiffs' failure to make a proper request for production in this action, Defendant's failure to produce the Epoca Records in recent months does not justify the extraordinary remedy of requiring a forensic exam.

"If a party fails to answer a request for production, the discovering party may move for an order compelling a response." *Bank of Mongolia*, 258 F.R.D. at 519 (citing Fed.R.Civ.P. 37(a)(2)). "Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court." *Id.* (citing Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir.1984)). "[C]ourts[, however,] do not require a forensic analysis in the absence of consent unless there has been significant non-compliance with discovery obligations." *In re Furstenberg Fin. SAS*, No. 16-

CV-60266, 2018 WL 11256048, at *3 (S.D. Fla. Oct. 22, 2018) (collecting cases). Indeed, "courts compel a party to turn over its computers for a forensic [electronically stored information] analysis only where there is a strong showing that the party (1) intentionally destroyed evidence, or (2) intentionally thwarted discovery." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiffs have not shown that the standards for compelling a forensics examination have been met. First, I do not find that this Court has power to enforce a subpoena issued by a bankruptcy court, which lacked subject matter jurisdiction at the time it issued the subpoena. Plaintiffs submit no authoritative support for such proposition. Likewise, Defendant's counsel avers that he located no such authority nor has the undersigned located authority for such enforcement power. Second, Plaintiffs have not made a request for production in the instant action for the Epoca Records that they seek. "[S]ignificant non-compliance with discovery obligations" would occur if Defendant failed to respond to such a discovery request or if Defendant failed to produce the records following an order to compel issued by this Court. *In re Furstenberg Fin. SAS*, 2018 WL 11256048 at *3. Both predicates rely upon a request for production that has not been made. Therefore, Plaintiffs fail to demonstrate that Defendant's conduct in failing to produce the Epoca Records provides grounds for this Court to compel a forensic examination.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Forensic Examination (DE 24) is **DENIED**;

2. Plaintiffs' counsel shall release the Electronics Subject to Motion for Forensic Exam to Defendant's counsel **on or before September 6, 2021**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of September 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF