UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60987-MC-RUIZ/STRAUSS

SUSAN JOHNSON and STEVEN JOHNSON,

      Plaintiffs,

v.

FRANCISCO M. JIMENEZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Dismissal Pursuant to 28 USC § 1367 ("Motion"). (DE 21). This case has been referred to me by the District Court for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 30). I have reviewed the Motion, Plaintiffs' response (DE 25), and Defendant's reply (DE 33). Being otherwise duly advised, I respectfully **RECOMMEND** that the Motion (DE 21) be **DENIED** for the reasons stated herein.

### FACTUAL BACKGROUND

Plaintiffs, who reside in Hartford, Connecticut, first commenced an action against Defendant, Ericka Lovato and Cingaro Freshworks, LLC on August 20, 2015 in the Circuit Court for Martin County. (DE 21-1). Cingaro was a company that Defendant, Lovato, and one of the Plaintiffs created with financial help from Plaintiffs. *Id.* at 2. In the state court complaint, Plaintiffs brought counts seeking judicial dissolution of Cingaro (Count I) and a judgment of fraud against Defendant and Lovato (Count II). *Id.* at 4-7. With respect to the fraud count, Plaintiffs

contended that Defendant and Lovato mis-utilized funds that Plaintiffs provided, upon Defendant and Lovato's requests, solely for Cingaro. *Id.* at 6. On August 29, 2017, two days before a hearing on Plaintiffs' motion for summary judgment, Defendant filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division. (DE 25-3 at 3). Thus, the Martin County matter was automatically stayed as to Defendant. (DE 25 at 1). The case proceeded against Lovato, and Plaintiffs obtained a final judgment against her. (DE 25-3 at 7).

On January 9, 2018, Plaintiffs filed a claim in Defendant's Bankruptcy proceedings. (DE 21-3 at 2). Several weeks later, on January 28, 2018, Plaintiffs filed a formal Complaint Objecting to Dischargeability of Debt ("Dischargeability Complaint") pursuant to 11 U.S.C. § 523; Plaintiffs alleged that the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). *Id.* Plaintiffs' Dischargeability Complaint sought a judgment denying dischargeability of Defendant's debt to them based on: false pretenses, false representations, and fraud (11 U.S.C. § 523(a)(2)(A)); embezzlement (11 U.S.C. § 523(a)(4)); and willful and malicious injury (11 U.S.C. § 523(a)(6)). *Id.* at 7-9. On March 1, 2019, the Bankruptcy Court entered an order granting summary judgment for Plaintiffs on all claims in the total amount of $1,119,593.14. (DE 25-3). The Bankruptcy Court also entered a Final Summary Judgment memorializing this order. (DE 1 at 3). Defendant's appeal of the Bankruptcy Court's Final Summary Judgment was dismissed on May 24, 2019. *Id.* at 1).

On April 21, 2021, the Bankruptcy Court entered an order finding that it lacked jurisdiction to further enforce[1] the final judgment it entered in March 2019 because Defendant's Chapter 7

---

[1] Plaintiffs first pursued their attempts to collect this "non-dischargeable" debt in Bankruptcy Court. (DE 25-4 at 2-3).

Bankruptcy case had been closed.  (DE 25-4 at 13-14).  However, the order also noted that Plaintiffs had "the right to pursue enforcement of their Final Summary Judgment in any other forum of appropriate jurisdiction." *See id.*  On May 11, 2021, Plaintiffs registered their Bankruptcy Court judgment in this Court pursuant to 28 U.S.C. § 1963.  (DE 1).  In their civil cover sheet, Plaintiffs averred that the basis of jurisdiction was diversity of citizenship (as the Plaintiffs reside in Connecticut and the Defendant resides in Florida) and that the action sought $1,119,593.14 in damages. (DE 1-1).  Defendant filed the instant Motion arguing that this court lacks subject matter jurisdiction over Plaintiffs' claim.  (DE 21).

## ANALYSIS

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *See Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1285 (11th Cir. 2017) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304 (11th Cir. 2016) (same).  "In a given case, a federal district court must have at least one of the three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  "[T]he party invoking the court's jurisdiction bears the burden of proving it exists." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016).

Section 1963 of Title 28 of the United States Code (regarding "Registration of judgments for enforcement in other districts") provides the following:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, *bankruptcy court*, or in the Court of International Trade *may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.*

28 U.S.C. § 1963 (emphases added).  The purpose of this statute was to "simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter."  *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965); *see also Hanes Supply Co. v. Valley Evaporating Co.*, 261 F.2d 29, 30 (5th Cir. 1958) ("The legislative history of this section clearly indicates that the registration statute is intended to provide all the benefits deriving from a local judgment on a 'foreign' judgment without subjecting either plaintiff or defendant to the expense of a second lawsuit.").  Thus, the statute spares the judgment creditor from having to institute a distinct new suit to obtain a judgment on a previous federal judgment.  *See Wells Fargo Equip. Fin., Inc. v. Asterbadi*, 841 F.3d 237, 244-45 (4th Cir. 2016).

In light of section 1963's purpose and the language utilized therein, various federal courts of appeal have opined that a registration pursuant to that statute provides a new judgment in the court where the judgment has been registered.  *See Stanford v. Utley*, 341 F.2d at 270; *Asterbadi*, 841 F.3d at 244 (collecting cases).   This new judgment is enforceable according to the laws of the state where it is registered.  *See Asterbadi*, 841 F.3d at 244; *Gullet v. Gullet*, 188 F.2d 719, 720

(5th Cir. 1951).[2]   Accordingly, pursuant to section 1963, many federal courts have accepted the registration of (and subsequently enforced) judgments from other district courts or bankruptcy courts.  *See Fid. Nat'l Fin., Inc. v. Friedman*, 935 F.3d 696, 702 (9th Cir. 2019) (finding that a judgment may be registered under section 1963 even though the court of registration does not have personal jurisdiction over the judgment debtor); *Courshon v. Berkett*, 16 Fed. Appx. 57, 63 (2d Cir. 2001) (dismissing judgment debtor's arguments and finding that a judgment in the Southern District of Florida was properly registered in the Southern District of New York pursuant to section 1963); *Gullet*, 188 F.2d at 720 (dismissing judgment debtor's motion to quash the registration of a District of Columbia judgment in the Southern District of Florida under section 1963); *In re Mead,* 374 B.R. 296, 304 (Bankr. M.D. Fla. 2007) (finding that a judgment from a District Court in Texas was properly registered in a Bankruptcy Court in Florida); *Hassett v. Goetzmann*, 217 B.R. 9, 14 (N.D.N.Y. 1998) (exercising jurisdiction to enforce a bankruptcy judgment registered pursuant to section 1963).

I find that Plaintiffs have sufficiently shown that this Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1963.  Plaintiffs obtained a valid final judgment against Defendant for a total of $1,119,593.14 in damages from the United States Bankruptcy Court for the Southern District of Florida.  Defendant's appeal of that judgment has been dismissed and he can no longer contest its validity.  Now, Plaintiffs seek to have that bankruptcy court judgment, one of the judgments explicitly permitted in section 1963, registered in this Court.  Therefore, I find that this enforcement action may proceed in this Court.

---

[2] "In *Bonner v. City of Prichard*, [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1310 (11th Cir. 2020) (citing 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)).

Defendant contends that this Court does not have subject matter jurisdiction because neither diversity jurisdiction nor federal question jurisdiction are present.  (DE 21 at 8).  However, Defendant fails to realize that section 1963 specifically authorized Plaintiffs to register,[3] and this Court to enforce, Plaintiffs' bankruptcy judgment.  *See Baltin*, 128 F.3d at 1469 (stating that a federal district court may have jurisdiction under a specific statutory grant).  Defendant also contends that this Court lacks jurisdiction because these collection proceedings do not relate to the bankruptcy estate.  (DE 21 at 7 (citing to *Matter of Imp. & Mini Car Parts, Ltd., Inc.*, 97 F.3d 1454 (7th Cir. 1996)).[4]  However, Defendant's argument adds requirements to section 1963 that are not present.  If *judgments* rendered by a bankruptcy court had to meet any other requirements to be enforceable under section 1963, the statute would have said so.  *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686 (1983) ("If Congress had intended the far-reaching result urged by respondents, it plainly would have said so."); *see also Stanford*, 341 F.2d at 270 (stating that the purpose of section 1963 was to "simplify and facilitate the enforcement of federal judgments").  Put simply, Defendant's arguments appear to be a belated attempt to contest the propriety of his bankruptcy judgment.

Defendant cites to a plethora of cases in support of his contentions, but many of them do not pertain to or even mention section 1963.  *See, e.g.*, *SG & Co. Ne., LLC v. Good*, 461 B.R. 532, 540-41 (Bankr. N.D. Ill. 2011) (dismissing an adversary proceeding in bankruptcy court for lack of subject matter jurisdiction); *Fort Wayne Telsat, Inc. v. Simon*, 403 B.R. 590, 597 (Bankr. N.D. Ind. 2009) (finding that the bankruptcy court did not have jurisdiction to collect a debt from a third

---

[3] Notably, Defendant does not argue that there are defects with Plaintiffs' registration.

[4] Not only does this case not mention section 1963, but it was also decided before the phrase "bankruptcy court" was added to the statute on October 19, 1996.  *See* Pub. L. No. 104-317, Title II, § 203(a).

party).  Furthermore, the cases Defendant cites to that do mention section 1963 are clearly distinguishable.  *See In re Crocker*, 941 F.3d 206, 224 (5th Cir. 2019) (reversing bankruptcy court's determination that it had the authority to enforce a discharge injunction entered by the bankruptcy court of a different district); *Woo v. Spackman*, 1:18-MC-91545, 2019 WL 6715134, at *3 (D. Mass. Dec. 10, 2019) (dismissing a judgment registered under 28 U.S.C. § 1738 for lack of subject matter jurisdiction); *In re S. Indus. Banking Corp.*, 121 B.R. 229, 230 (Bankr. E.D. Tenn. 1990) (finding that the plaintiff could register his judgment under section 1963 in any District Court in Tennessee and Kentucky even though there was a pending appeal); *Dichter v. Disco Corp.*, 606 F. Supp. 721, 722 (S.D. Ohio 1984) (opining that a District Court in Ohio had jurisdiction to enforce a judgment that had been registered twenty years prior pursuant to section 1963).  Thus, Defendant's arguments are unavailing.

I have also reviewed other cases in which courts have declined to register or enforce other federal judgments under section 1963 or otherwise held that the section was improperly applied. *See Broadway Buildings v. Mincks*, 22 Fed. Appx. 858, 859 (9th Cir. 2001) (refusing to register and enforce a bankruptcy court's order approving a Chapter 11 reorganization plan under section 1963); *Sephus v. Gozelski*, 864 F.2d 1546, 1549 (11th Cir. 1989) (opining that section 1963 did not grant the district court jurisdiction to vacate a property sale that was executed pursuant to that statute); *Juneau v. Couvillion*, 148 F.R.D. 558, 561 (W.D. La. 1993) (finding that a bankruptcy court judgment from the Southern District of Mississippi could not be registered in the Western District of Louisiana because at the time of registration the judgment expired under the Mississippi statute).  After my review, it is clear that the defects present in those cases are absent here.  In fact,

I have found no case dismissing registration of a judgment under section 1963 based on a failure to establish some other, independent ground for subject matter jurisdiction.[5]

## CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that Defendant's Motion (DE 21) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 14th day of December 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF

---

[5] Given the above conclusions, I decline to address Defendant's contention that this court should dismiss this case under 28 U.S.C. § 1367.