UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60987-MC-RUIZ/STRAUSS

SUSAN JOHNSON and STEVEN JOHNSON,

      Plaintiffs,

v.

FRANCISCO M. JIMENEZ,

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

**THIS CAUSE** is before me upon Plaintiffs' Motion for Order to Show Cause Why the Defendant Should Not Be Held in Civil Contempt Concerning Two Court Orders ("Motion"). (DE 104). This case has been referred to me by the District Court for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 30). I have reviewed the Motion, Defendant's response (DE 107), and Plaintiffs' reply (DE 108). I also held an evidentiary hearing on the Motion, at which I heard testimony from Defendant. (DE 111). Based on the certified facts below, I respectfully **RECOMMEND** that the District Court conduct further civil contempt proceedings to ensure Defendant's compliance with the court orders at issue.

## FACTUAL BACKGROUND

On November 16, 2021, I entered an Order on Attorney's Fees ("the First Order"), which awarded Plaintiffs $2,250.00 in fees. (DE 64 at 2). I ordered Defendant to pay this amount "within thirty (30) days of the date of [the] order." *Id.* After Plaintiffs began the process of seeking court intervention to recover that amount, the parties agreed to a payment plan. (DE 95 at 1). Pursuant

to that plan, Defendant agreed to make an initial payment of $1,000.00 and then pay the remaining $1,250.00 by February 15, 2022. *Id.* Defendant made the initial payment on January 10 but has not made any payments towards his remaining balance since that time. *Id.*; (DE 104).

On January 3, 2022, I entered another Order on Attorney's Fees ("the Second Order"), which awarded the Plaintiffs $5,355.00 in fees. (DE 90 at 3). I also ordered Defendant to pay the amount within thirty days of the date of the order. *Id.* On February 4, Defendant offered to pay the amount in the Second Order in accord with the parties' previous payment plan, but Plaintiffs rejected the offer, unconvinced that Defendant would comply with the schedule. (DE 104 at 2). Defendant has not made any payments towards the amount in the Second Order. *Id.* at 1-2. In light of Defendant's failure to comply with the above orders, Plaintiffs filed the instant Motion on February 16, 2022, ultimately seeking for the Defendant to be held in contempt of court. *Id.* at 3.

In his response to the Motion, Defendant concedes that he has not complied with the Court's orders. (DE 107 at 1). However, Defendant contends that he does not have the ability to comply. *Id.* Defendant states that he has limited income and that the balances on all his credit cards have nearly reached their limits. *Id.* at 4, 8. Defendant also states that he cannot afford to pay the court ordered amount and his own attorney to represent him. *Id.* at 2. Defendant fears that his attorney, who has already filed a motion to withdraw,[1] will withdraw from the matter if Defendant does not pay him. *Id.* at 4, 8-9. In addition to his alleged inability to pay, Defendant argues that he has taken reasonable steps to comply with the court order as he made one payment towards the first payment plan, offered to make another payment plan, and continues to seek opportunities for employment. *Id.* at 9. Ultimately, Defendant argues that he does not have assets

---

[1] Defense counsel's motion to withdraw was denied on procedural grounds. *See* (DE 60).

which the Plaintiffs can collect and contends that the Court should not hold him in contempt.[2]  *Id.* at 7, 10-11.

In their reply, Plaintiffs note that Defendant paid his attorney $2,500 in December 2021, just before the amount under the First Order was due.  (DE 108 at 3).  Plaintiffs also argue that Defendant's spending activity reveals that he could have at least made partial payments but failed to do so.  *Id.* at 7-8.

## ANALYSIS

### I.    Magistrate Judge's Authority Regarding Contempt

Generally, a magistrate judge may not exercise contempt power in cases "where the parties have not consented to magistrate jurisdiction and the act constituting contempt occurred outside the magistrate judge's presence." *Campos v. Chavam Enters., Inc.*, 15-14370-CIV, 2021 WL 1178548, at *2 (S.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, 2:15-CV-14370, 2021 WL 1177485 (S.D. Fla. Mar. 29, 2021) (citing 28 U.S.C. § 636(e)).  In those cases, a "Magistrate Judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the District Judge why he or she should not be held in contempt on the basis of the certified facts."  *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010).  This certification "allows the District Court to render a determination as to whether the moving party has set forth sufficient evidence for a finding of contempt." *Lustig v. Stone*, 15-20150-CIV, 2017 WL 8889841, at *1 (S.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, 15-20150-CIV, 2018 WL 1870071 (S.D. Fla. Jan. 9, 2018). After the magistrate judge's certification, "the District Judge shall hear relevant evidence for a

---

[2] Defendant also requests that the Court "consider" ordering sanctions against Plaintiffs.  (DE 107 at 11).  However, he fails to articulate a sufficient factual and legal basis for any such sanctions. As such, the Court declines to rule on his request.

determination if punishment is warranted and, if so, then enter an order setting forth such punishment." *See id.*

## II.     Legal Standard for Granting a Motion for Contempt

"Courts have the inherent power to enforce compliance with their lawful orders by the exercise of contempt powers." *Campos*, 15-14370-CIV, 2021 WL 1178548, at *2 (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)). "On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." *Thomas v. Blue Cross Blue Shield Ass'n.*, 594 F.3d 813, 821 (11th Cir. 2010). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15-24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017), *report and recommendation adopted*, 15-24096-CIV, 2017 WL 8895340 (S.D. Fla. June 16, 2017) (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)). "Upon the plaintiff's satisfaction of the initial burden, the burden then shifts to the defendant to come forward with evidence showing in detail why a contempt finding should not be found." *Id.*

"[T]o avoid contempt, a defendant must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Id.* A defendant may only be excused from compliance upon a showing that "despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother*, 03-60129-CIV-MARRA, 2010 WL 2978077, at *2. The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's*

*Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986). "[T]hus even if the efforts made by defendants are 'substantial,' 'diligent' or 'in good faith,' the fact that a defendant did not make 'all reasonable efforts' to comply with the order, establishes that the defendant has failed to rebut the showing of contempt." *United States v. D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (S.D. Fla. Jan. 3, 2019), *report and recommendation adopted*, 01-00010-CR, 2019 WL 296534 (S.D. Fla. Jan. 23, 2019). A defendant must also do more than merely assert that he is unable to pay and that he has made all reasonable efforts to do so; he must "introduce[] evidence in support of his claim." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). "The burden shifts back to the moving party only upon a sufficient showing by the alleged contemnor." *Combs*, 785 F.2d at 984. Moreover, a self-created inability to pay cannot support a defense of impossibility. *Sec. & Exch. Comm. v. Solow*, 682 F.Supp.2d 1312, 1329-30 (S.D. Fla. 2010), *aff'd*, 396 Fed. Appx. 635 (11th Cir. 2010).

## III.    Certified Facts

Plaintiffs contend that Defendant should be held in contempt for his failure to use "all reasonable efforts" to pay the amounts due under the First Order and Second Order. (DE 108 at 2-3). Defendant contends that he is unable to comply with the Court's orders and has been living a frugal lifestyle. (DE 107 at 8). At the hearing on March 23, 2022, I heard testimony from the Defendant regarding his ability to comply. He testified that he works part time for Brightline as a taxi driver and makes about $150.00 to $200.00 per week, depending on how much he works. Defendant also works in warehouses doing fulfillment and delivering packages when needed; he makes $400.00 to $500.00 per week, again depending on how much he works. Defendant submitted an accounting showing that the current balances on his credit cards were nearing their limits. Defendant also claimed that the Plaintiffs would not have accepted a partial payment.

On cross-examination, Defendant testified that he has paid his attorney at least $7,000.00 since November 2021.  Specifically, Defendant testified that he paid his attorney $2,000.00 in December 2021 and $2,500.00 several days before the hearing.  Plaintiffs also produced proof of Defendant's various payments for using a dating website (totaling $385.79), several expensive dinners at Tavolonio Della Notte (totaling $278.96), and several expensive purchases at Total Wine (totaling $197.59), among other things.  Notably, Defendant also testified that he paid rent (of around $1,000) for his ex-girlfriend, Ericka Lovato, and son in January 2022, December 2021, and November 2021 because Lovato had to pay legal fees defending herself in a related matter.  Plaintiffs contended that these expenses were non-essential and that the Defendant should have prioritized paying the amounts due under the First and Second Orders.

Based on the above facts, I find that the Defendant has not met his burden to show that he has made "all reasonable efforts" to comply with the Court's orders, and, therefore, that he has not demonstrated an inability to comply.  I recognize that the Defendant has limited resources.  I further recognize that the evidence does not show the Defendant is living a particularly extravagant lifestyle.  Some of the expenditures to which Plaintiffs point as evidence of the Defendant's ability to pay were at relatively modest restaurants or an occasional car wash.  Nevertheless, Defendant's spending activity confirms that he has not made all reasonable efforts to comply.  *See Combs*, 785 F.2d at 984 (confirming that even if a defendant lacks the present ability to pay, his failure to make all reasonable efforts justifies a finding of contempt); *see also D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (finding that the defendant's spending activity indicated that his inability to pay was of his own making).  In addition to his expenditures on dating websites and multiple expensive meals, the Defendant's payments to his own attorney and to subsidize his ex-girlfriend's expenses demonstrate that he has prioritized other expenses above complying with the Court's orders, and

6

therefore has not made all reasonable efforts to comply.  At the very least, the Defendant could have made partial payments towards the ordered sanctions over the last several months.[3]   *See also D'Argenio*, 01-00010-CR, 2019 WL 297091, at *9 (observing that ability to pay some portion of the owed amount precluded a finding of "all reasonable efforts" and noting that partial payments would have put defendant in a better position to demonstrate good faith).

The Defendant's ardent desire to keep counsel to assist him in this matter is understandable. However, as defense counsel conceded at the evidentiary hearing, he has found no authority that privileges payments to one's own legal counsel above complying with court orders.  Indeed, as important as the Defendant's ability to maintain counsel is, it is difficult to justify why defense counsel's legal fees should take priority over payment of the legal fees that the Defendant – through his non-compliance with discovery obligations – caused Plaintiffs to incur.  The Defendant's (non-court-ordered) payments to his ex-girlfriend in order to support living expenses of their child are also understandable, and potentially laudable.  However, the Defendant's testimony admitted that his support was necessary, in part, because his ex-girlfriend is also paying for legal representation in a related collection matter.  Again, I cannot find that the Defendant is justified in paying – or enabling his ex-girlfriend to pay – for other counsel before paying the earlier-incurred legal fees that the Defendant caused Plaintiffs to expend.  Therefore, I find that further civil contempt proceedings are warranted.

If the District Court concurs that a finding of civil contempt is warranted, the Court must then decide the appropriate remedy.  Plaintiffs contended that Defendant should be held in

---

[3] Contrary to Defendant's assertion, nothing prevented him from making partial payments towards the balance of either the First or Second Orders.  *See Mystique, Inc. v. 138 Int'l Inc.*, 10-21421-CIV, 2013 WL 12200441, at *1 (S.D. Fla. Mar. 28, 2013) ("[N]othing stops the defendants from making installment payments (even at this late stage) on their own, and such payments may well forestall a final judgment of contempt.").  He simply chose not to do so.

contempt and should be ordered to pay at least $750.00 per month to purge that contempt.[4] Defendant did not agree that he should be held in contempt but countered that the most he should pay per month if the Court was considering holding him in contempt is $400.00 to $500.00. To the extent that I can recommend a remedy, I find that giving the Defendant an opportunity to purge the contempt by ordering him to pay an amount between $300.00 and $400.00 per month until the First and Second Orders are satisfied is appropriate.

## CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that the District Court conduct further civil contempt proceedings to ensure that the Defendant complies with the First Order (DE 64) and the Second Order (DE 90). Accordingly, I recommend that the District Judge require Defendant appear before the District Judge, at a date to be determined by the District Judge, to Show Cause why he should not be found in contempt based upon the above certified facts.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

---

[4] Plaintiffs did not advocate for incarceration or any additional financial penalty at this point. I concur. Given the evidence of the Defendant's financial situation, additional financial penalties would be counterproductive, particularly in light of the outstanding judgment that forms the basis of these proceedings in the first place. Incarceration would similarly be ineffective in coercing compliance as it would only serve in preventing the Defendant from working and earning income.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 4th day of April 2022.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF