UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MC-60987-RAR

**SUSAN JOHNSON** and **STEVEN JOHNSON**,

    Plaintiffs,

v.

**FRANCISCO M. JIMENEZ**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, FINDING DEFENDANT IN CONTEMPT, AND SETTING PURGE AMOUNT

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 115] ("Report"), entered on April 4, 2022. The Report recommended that the District Court conduct further civil contempt proceedings to ensure Defendant's compliance with the court orders at issue. *See* Report at 1. Further, the Report found that giving Defendant an opportunity to purge the contempt by ordering him to pay an amount between $300.00 and $400.00 per month until the court orders at issue are satisfied is appropriate. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings and the consequences for failing to object. *Id.* at 9. Plaintiffs filed a limited objection disagreeing with the purge amount recommended by Magistrate Judge Strauss. *See* Limited Objection of Plaintiffs to Report and Recommendation [ECF No. 116] ("Objection").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiffs timely filed a limited objection to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings. Additionally, the Court conducted its own contempt

proceedings on June 14, 2022, during which the Report's findings were confirmed and the Court heard further testimony and oral argument. *See* [ECF No. 129] ("Hearing"). Accordingly, for the reasons stated on the record at the Hearing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 115] is **AFFIRMED AND ADOPTED**.

2. The Objection [ECF No. 116] is **OVERRULED**.

3. Based on the certified facts contained in the Report, as well as the evidence presented at the Hearing, the Court concludes that Defendant is in civil contempt of Court for failure to comply with prior court orders. *See* First Order on Attorney's Fees [ECF No. 64]; Second Order on Attorney's Fees [ECF No. 90]; *see also Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir. 1996) ("courts have inherent contempt powers in all proceedings . . . to 'achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).

4. As discussed with all parties at the Hearing, the Court hereby sets the purge amount at **$400.00**. Defendant's first payment shall be made on or before **July 15, 2022** and on the **15th day of every month thereafter** until the total remaining sum of **$6,005.00** is paid to Plaintiffs. This remaining sum reflects a payment of $600.00 made by Defendant to Plaintiffs in open court at the Hearing.

5. To ensure Defendant's compliance with the requirements of this Order, Defendant shall file a status report with the Court after transmitting payment to Plaintiffs each month, beginning with a report due on or before July 15, 2022.

6.        Should Defendant fail to pay the purge amount on or before the 15th day of each month beginning on July 15, 2022, Defendant shall include a **verified affidavit** under penalty of perjury with his status report providing good cause for his failure to pay the full amount due.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of June, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**